Argued August 18, affirmed as modified September 22, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
FRITZ, *Appellant, and* FRITZ (No. 28230),
*Respondent.*
540 P2d 379

*Robert G. Ringo,* Corvallis, argued the cause for appellant. With him on the brief were Ringo, Walton & Eves, Corvallis.

*Edward L. Daniels,* Albany, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and LEE, Judges.

LANGTRY, J.

This appeal presents a question concerning visitation with an only female child, age 5, by the noncustodial parent after marriage dissolution. Father was awarded "temporary" custody at time of dissolution in April 1974. We have no transcript of the trial which occurred then. The court in the marriage-dissolution decree indicated that if no "written request" were received it would award permanent custody "after September 30, 1974." Both parties moved for permanent custody after September 30, 1974 and after a hearing on February 28, 1975 the court awarded "custody" to father, and provided in detail for visitation by mother, including from "after school" on Friday "[e]very other week" to "opening of school" on Monday, and "[o]n Wednesday of each of the other weeks from after school to the opening of school on Thursday." Inasmuch as each "every other" weekend visitation will be in the end and beginning of separate weeks, there are no "other weeks" in which the Wednesday overnight visits can occur. We do not think these overnight visits were intended to be a nullity, but we cannot tell in which weeks it was intended they were to occur.

At the commencement of the February 1975 hearing resulting in the appealed order, the court announced "* * * I simply want to hear what change, if any, in the circumstances [has] occurred * * * which might bear on permanent custody * * *." Most of the evidence thereafter produced was about difficulties experienced over visitation.

The child was going to a day-care school at the time of hearing, and necessarily will be in regular school in the near future. In our de novo review of the matter, we conclude that the disruption of midweek overnight visits is too great a burden to place

upon a child who must attend school, and hence, is not in her best interest. Thus, regardless of what was intended by the order in that regard, we modify it by deleting that provision.

Affirmed as modified. Costs to neither party.